UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marcus Antonio Frierson, # 247864, | ) C/A No. 4:09-2048-DCN-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| D. Stevens, Sgt.; <br> T. Conwell, Lt.; <br> R. Olsen, Food Service; <br> Nurse "Practionar" Enloe; <br> D. Harouff, Lt; <br> RN C. Tiptons; <br> C. Jones, LPN; <br> D. Lindsey, Ofc; <br> Sgt. Racland; <br> R. Abston, Capt., | ) |
| Defendants. | ) |

This action has been filed by the plaintiff, *pro se*, pursuant to 42 U.S.C. 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights. Presently before the court is a motion filed by the plaintiff on October 14, 2009, for a temporary restraining order (TRO) under Rule 65, Fed. R.Civ.P. Defendants oppose plaintiff's motion. (Doc. #32).

Rule 65(b) addresses the issuance of a TRO without written or oral notice to the adverse party. Since the Defendants have received notice and have in fact filed a response to Plaintiff's motion, it is more appropriately considered as a Rule 65(a) motion for a preliminary injunction. In any event, both a preliminary injunction and a temporary restraining order are extraordinary

remedies which will not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, No. 08-1977, 2009 WL 2408735, at *3 (4th Cir. August 5, 2009); see Winter v. Natural Resources Defense Counsel, Inc., --- U.S. ----, 129 S.Ct. 365, 374-376, 172 L.Ed.2d 249 (2008); Neiswender v. Bank of America, No. 09-2595, 2009 WL 1834406 at * 1 (N.D.Cal. June 23, 2009) ["A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction."] (*citing* New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n. 2, 98 S.Ct. 359, 54 L.Ed.2d 439 (1977); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001)). In order to obtain such relief, plaintiff must establish: 1) the likelihood that the plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 129 S.Ct. at 374. Further, all four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d 342, 2009 WL 2408735, at * 2.

Plaintiff asserts in his motion that he is in fear for his life at Perry Correctional Institution. (Doc. #29). Plaintiff asserts as follows, quoted verbatim:

> I hereby Plaintiff Marcus Antonio Frierson in the above caption case move this court pursuant to Rule 65 (b,c,e) Respectfully ask that he be move to a Level 2 prison safe form harm due to the retaliation attacks by defendant(s). Since the filing and complaining to higher levels of the Court outside of this prison, they have been falsely charging me with serious charges, in which Sgt. G. Hortan stated an affidavit I never threaten Ofc. D. Lindsey at no time, then Capt. R. Alson sign off on such charge with out investigation such claim by her Ofc. D. Lindsey. Now Sgt. D. Stevens has destroy affidavits and medical request which is relevant evidence which was in his care by mail room staff Nancy Merchant, Ofc. D. Lindsey has threaten to blow my head off on the streets, as well assaulted me along with other defendant Ltd. Harouff, Ofc. D. Lindsey has threaten to poison my diet tray that comes to me with

> my name on it,. Keep in mind all these are defendants in the above case. I fear my life at Perry C. I. For the purpose of this case pending.

(Doc.#29).

Plaintiff's bold conclusory allegations in his motion are insufficient to justify a restraining order. The Court cannot issue injunctions or restraining orders based on such unsubstantiated claims which the defendants deny. Plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff has demonstrated neither the clear likelihood of irreparable harm to him if the injunction is not granted, nor has he demonstrated a clear likelihood that he will succeed on the merits sufficient to justify the issuance of an injunction. Additionally, the issuance of an injunction as requested by the Plaintiff would undermine prison officials' ability to effectively manage prisons and maintain order and discipline. *Cf.* Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir.1994) [Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, *3-4 (D.S.C.2008). The public interest weighs in favor of policies which encourage security in prisons. Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept.20, 2006); see Winter, 129 S.Ct. at 376-377 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"]. The court must give deference to decisions by prison administrators. See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980).

As plaintiff has failed to meet the all four requirements of the above standard, it is recommended that this motion requesting a TRO to require that defendants transfer him from the facility he is located to a "Level 2 prison" (doc.#29) be denied.

3

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 23, 2009
Florence, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**