IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marcus Antonio Frierson, #247864, | ) | |
| | ) | C/A No. 4:09-2048-DCN-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| D. Stevens, Sgt.; T. Conwell, Lt.; | ) | |
| R. Olsen, Food Service; Nurse Enloe; | ) | |
| D. Harouff, Lt.; RN C. Tiptons; | ) | |
| C. Jones, LPN; D. Lindsey, Ofc.; | ) | |
| Sgt. Racland; and R. Abston, Capt., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a report and recommendation of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The magistrate judge has recommended that plaintiff's motion for preliminary injunctive relief be denied. Plaintiff has filed objections to the report and recommendation. This court must conduct a de novo review of any portion or portions of the magistrate judge's report to which an objection is made, and may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and correctly recommends that plaintiff's motion be denied.

The magistrate judge analyzed plaintiff's motion under the standard that generally applies to requests for preliminary injunctive relief and correctly concluded that plaintiff's motion does not meet that standard. See Winter v. Natural Res. Def. Council,

1

Inc., --- U.S. ----, 129 S.Ct. 365 (2008); Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342 (4th Cir. 2009). The court notes it is also appropriate to analyze plaintiff's motion under the more stringent standard for mandatory injunctions. "The traditional office of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003) (citation omitted). "'Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.'" Id. at 526 (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). "The authority of the district court judge to issue a preliminary injunction, *especially a mandatory one* should be sparingly exercised." Wetzel, 635 F.2d at 286 (emphasis added).

Plaintiff does not seek to preserve the status quo. Rather, he asks that the South Carolina Department of Corrections be required to move him to a different confinement facility. Therefore, plaintiff is requesting a mandatory injunction. As the magistrate judge explained, plaintiff's motion fails to meet the standard for preliminary injunctive relief generally. And, if it fails that test, plaintiff's motion must also fail the stricter test for a mandatory injunction. Accordingly, the magistrate judge's report and recommendation is **ADOPTED** and **AFFIRMED**. Plaintiff's motion for preliminary injunctive relief is **DENIED**.

**AND IT IS SO ORDERED.**

                                                                      _____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 10, 2009**
**Charleston, South Carolina**